SOUTHERN RY. CO. v. STUTTS.

(Circuit Court of Appeals, Fifth Circuit. April 6, 1906.)

No. 1,515.

1. RAILROADS—NEGLIGENCE IN RUNNING TRAINS—INFERENCE FROM FACTS PROVED.

Findings that the servants of a railroad company permitted a train to get beyond their control on a steep grade, and that it descended the grade with such force as to drive other cars past the end of the track where such servants knew or had good reason to believe persons were stationed with vehicles, killing a person so stationed, may authorize an inference of negligence on the part of the company.

2. NEGLIGENCE—STANDARD OF CARE—PROVINCE OF JURY.

There is no fixed standard in the law by which a court can arbitrarily say in all cases what conduct shall be considered reasonable and prudent, or what shall constitute ordinary care, and the jury are free to fix the standard for reasonable, prudent, and careful men under the circumstances of the case as they find them according to their judgment

and experience of what that class of men do under such circumstances, and to test the conduct involved in the issues by that standard.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 279-353.]

In Error to the Circuit Court of the United States for the Northern District of Alabama.

The following is the charge to the jury of Shelby, Circuit Judge:

This is a suit brought by the plaintiff against the defendant for damages for the wrongful and negligent killing of William J. Stutts. The plaintiff alleges that Stutts came to his death by wrongful and negligent acts of the defendant, which are stated in the complaint which has been read to you. The defendant pleads "not guilty," and that the negligence of the decedent contributed as a proximate cause of his death.

The issue of fact which must be submitted to the jury involve two questions. One as to the alleged negligence of the defendant railway company; and the other as to the alleged contributory negligence of the deceased, William J. Stutts. Negligence is the failure to do what reasonable and prudent persons would ordinarily have done under the circumstances of the situation, or the doing what reasonable and prudent persons under the circumstances would not have done. To sustain the averments of the complaint, the burden of proof in the first instance is on the plaintiff. If the jury find from the evidence that the defendant's servants and agents in charge of a train of its cars permitted the train to get from under their control on a grade so steep that gravity caused it to descend with great force on the track and to strike and drive other cars standing on the track past the end of the track to a place where or near which the defendant's agents and servants knew or had good reason to know, that the decedent, William J. Stutts, and others, were located with vehicles to receive passengers, and that one or more of the cars so driven killed plaintiff's intestate, the jury might infer negligence on the part of the railway company from these facts.

If the jury find from the evidence that the switch on the track was so closed that the approaching train could not have run down on the east track where the accident occurred, and that the yard conductor, Stewart, changed the switch so as to turn the train on that track, the jury will consider all the evidence and circumstances of the case to determine whether such action of Stewart was that of an ordinarily prudent and cautious person; and if you determine that such action was not such as an ordinarily prudent and careful man would have done, under all the circumstances, you are authorized to infer negligence on the part of the defendant from such act. If the jury find under these instructions that the defendant company was guilty of negligence which was the proximate cause of William J. Stutts' death, your verdict should be for the plaintiff, unless the defendant has proved its plea of contributory negligence.

The burden of proving that the deceased was guilty of contributory negligence is on the defendant. In considering the question of the deceased's alleged contributory negligence, the jury will examine and consider all the facts and circumstances surrounding the deceased at the time of the accident. If the deceased failed to do what a reasonable and prudent person under existing circumstances would ordinarily have done, or if he did what a reasonable and prudent person under the existing circumstances would not have done, and if his negligent act or his negligent failure to act contributed as a proximate cause to his injury, the jury would be justified in finding for the defendant. There is no fixed standard in the law by which the court is enabled to arbitrarily say in all cases what conduct shall be considered reasonable and prudent, and what shall constitute ordinary care. The jury are left free to fix the standard for reasonable, prudent, and cautious men under the circumstances of the case as they find them, according to their judgment and experience of what that class of men do under these circumstances, and then test the conduct involved and try it by that standard; and

neither the judge who tries the case nor any other person can supply the jury with the criterion of judgment by any opinion he may have on that subject.

The defendant claims that the deceased was in a place of safety, and that he negligently went into a place of obvious danger. In considering that defense, you will examine the evidence with a view to ascertaining if the danger was apparent to the deceased, · or would have been apparent to an ordinarily prudent or careful man. Could he see the approaching cars from where he stood? Did the cars on the track obstruct his view? Was the place to which he went one to which he was accustomed to go in safety? If he went negligently from a place of safety to a place of obvious danger, he would be guilty of contributory negligence. though he went there to care for or to remove his property. If, however, his position was such that he could not see the approaching train, and if the place was not one of obvious danger, and if his action under the circumstances and in view of all that was said, which he heard, was that of a reasonable and ordinarily prudent man, he is not chargeable on that account with contributory negligence. It is also urged as a defense that the deceased, as the train approached. had notice and warning of the danger by the exclamations of others standing near him. If the jury find that such notice was given by others and heard by him in time, by the exercise of reasonable prudence and care, to avoid the danger, he should have done so. But if the jury find from the evidence that the notice or warning indicating that he was in danger, if given by others and heard by him, came so close in point of time to the collision that he could not reasonably be expected under the circumstances to escape the danger, then his failure to escape was not negligence on his part. In considering this question, the jury will have in mind the circumstances surrounding the deceased. One is not required or expected to act in a case of sudden emergency with that coolness and deliberation and correctness of judgment that would be required of one who had time to deliberate. If the jury find that the deceased was guilty of contributory negligence which proximately contributed to his death, their verdict should be for the defendant.

The fact that the plaintiff sues for a named sum does not require you, if you find for the plaintiff, to assess the damages at that sum. The plaintiff may sue for what sum he pleases, but the jury fix the amount of the recovery when they find for the plaintiff. The statute which authorized this action provides, as to the measure of damages, that the plaintiff may "recover such damages as the jury may assess." In fixing the amount of damages, if you should find for the plaintiff, you will exercise a fair and unprejudiced judgment, and your verdict should be such as seems to you just, and meets the approval of your calm and deliberate judgment, in view of all the circumstances of the case. If you should find for the plaintiff, the form of your verdict should be: "We, the jury, find for the plaintiff, and assess her damages at $————," filling the blank with such sum as you find. If you find for the defendant, the form of your verdict will be: "We, the jury, find for the defendant."

The special charges given you at the request of the attorneys are to be taken in connection with the charge of the court first given you. The question as to what is the evidence of the witnesses; the credibility of the witnesses, and what the evidence proves, are all questions for the jury.

The questions raised as to the negligence of the defendant company and the questions as to the negligence of the decedent are left to the jury for their decision.

Milton Humes and Paul Speake, for plaintiff in error.

Geo. P. Jones and R. W. Walker, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

PER CURIAM. The judgment of the Circuit Court is affirmed.